**CENTRAL MAINE POWER COMPANY, et al., Plaintiffs,**

v.

**FOSTER WHEELER CORPORATION, et al., Defendants.**

**Civ. No. 83–0056 P.**

United States District Court,
D. Maine.

April 6, 1987.

See also, D.C., 115 F.R.D. 294.

Jotham D. Pierce, Jr., Portland, Me., for Central Maine Power.

James D. Poliquin, Portland, Me., F. Timothy McNamara, Hartford, Conn., for Hartford Steam.

Philip D. Buckley, Bangor, Me., Norman D. Alvy, Eugene Schaffel, New York City, for Foster Wheeler.

Harrison L. Richardson, James A. McCormack, Portland, Me., for Burns & Roe.

GENE CARTER, District Judge.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT BURNS & ROE'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY

Defendant Burns & Roe has moved for a protective order providing that experts who were not timely designated be prohibited from offering testimony against it. On May 23, 1986, this Court approved a discovery schedule in which Plaintiff Hartford Steam Boiler was required to designate any expert witnesses it wished to call by September 1, 1986; Hartford violated this order and did not move to designate experts until February 20, 1987.

This lawsuit concerns an accident that occurred in January 1979; the suit was removed from state court in early 1983. Three years then passed during which a number of motions for summary judgment were brought and ruled upon, certain issues were bifurcated, and a large number of other procedural matters were raised and resolved. On May 23, 1986, the Court approved, with only slight modification, a discovery schedule that the parties themselves had drafted. Under that schedule,[1] Hartford was required to designate its experts by September 1, 1986; this deadline came and went without Hartford naming

---

1. The parties later requested an extension of the original deadline for discovery, and an extension from November 1, 1986 to January 2, 1987 was granted; no request, however, was ever made for any extension of the deadline for naming expert witnesses.

whom, if anyone, it intended to call as an expert. It was not until more than six months later that Hartford indicated that it did indeed plan to call two experts. Third-party Defendant Burns & Roe objects to admission of such testimony. Defendant Foster Wheeler also objects unless it is allowed to use the testimony of Hartford's experts in its third-party claim against Burns & Roe and is allowed to designate additional expert witnesses of its own.

■ The exclusion of otherwise admissible testimony for failure to meet a timing requirement is an extreme measure to be avoided where possible. Sometimes, however, such exclusion is necessary. *See Stacey v. Bangor Punta Corp.*, 107 F.R.D. 779 (D.Me.1985). This issue is to be resolved by the exercise of the Court's discretion, *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3d Cir.1978), and the Court notes that the Supreme Court has approved an action as drastic as the dismissal of a case where counsel acts with "callous disregard" of their responsibilities and fails to comply with an explicit order of the court. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

That case involved a failure, despite a court order and without adequate excuse, to answer timely written interrogatories. The Court ruled that:

> [H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might

be tempted to such conduct in the absence of such a deterrent.

*Id.* at 643, 96 S.Ct. at 2781.

■ The two most important factors in determining whether to allow the late addition of an expert witness "are the prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice." *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 n. 7 (1st Cir.1985). The *Johnson* court also stated that "it is noteworthy that, in those cases in which testimony was held properly excluded, the courts have found some evasion or concealment, intentional or not, on the part of the litigant offering the evidence." *Id.* at 8.[2]

■ In its February 20 response to Burns & Roe's Motion to Exclude Expert Testimony, Plaintiff Hartford represented to the Court that it had been "unable to designate expert witnesses earlier because of the need to complete sifting through documents and other discovery upon which an expert could appropriately be chosen and sufficiently familiarized with the case." The Court views this explanation as wholly lacking in credibility. On this record the Court can only conclude that Hartford's request arises out of either sheer, unexplained ineptness or a deliberate decision to disadvantage other parties by placing a substantial burden on them on the eve of trial. As noted above, the accident at issue in this case occurred more than eight years ago, and this case has been before this Court for more than four years. Hartford has neither alleged nor demonstrated that the issues upon which it wishes to elicit expert testimony have only recently become discernible. To the contrary, it is difficult to believe that the existence of these issues and their critical elements were not identified by Hartford long, long ago.[3] Even if Hartford could not have

---

**2.** *Johnson* differs from the current case in that it involves an expert witness who was named on time but whose testimony was alleged to violate Fed.R.Civ.P. 26(e)'s requirement that the substance of expert testimony be accurately divulged during discovery. Despite this difference, the Court believes that both cases present many of the same policy considerations. It also notes *Johnson's* citation of *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d

Cir.1977), a case that does involve the potential exclusion of the testimony of an expert witness who had not been listed as an expert in a timely fashion.

**3.** Hartford has represented that its experts will testify about "the impact of the salt incursion into the feed water tubes" and "the efficacy of the design of the condenser, and specifically that the design was inadequate in its provision for support of the titanium condenser tubes."

fully prepared its experts before "sifting through documents and other discovery," it clearly could have identified the areas in which expert testimony would be helpful and selected and named the persons it wished to use by the September date that it itself had submitted to the Court in May. Should this have proven impossible despite diligent effort, Hartford should have filed a timely request for an extension of the September 1 deadline.

There is no question that Hartford's delay in naming experts until more than six months after the deadline for doing so resulted in the sort of concealment addressed by the *Johnson* court. Under the timetable approved by the Court, Hartford was required to designate its experts by September 1, 1986, and Burns & Roe was required to designate its experts by November 1, 1986. Once the September 1 deadline passed, any intention Hartford had to later designate experts was concealed from Burns & Roe and the other parties to this suit. Acting accordingly, Burns & Roe did not name any experts of its own to dispute testimony by Hartford experts, and it prepared its case over the ensuing six months under the expectation that Hartford would not be presenting expert testimony.

If Hartford were now allowed to name experts, prejudice to Burns & Roe could be avoided only by moving the trial to a later date. The current trial date is only two months away, and were Hartford's motion to be granted, Burns & Roe would have to spend a significant portion of that time deposing Hartford's experts, naming and preparing experts of its own, and otherwise adjusting its defense to counter whatever new theories, testimony, or tacks Hartford interjects through its experts. This is a case of significant complexity, with four different parties, millions of dollars at stake, and many challenging legal and factual issues that can be ignored by the parties only at their peril. In a case of this magnitude, the final two months before

trial are a truly critical period. Responsible counsel will surely have scheduled other elements of final preparation for this period, and to require them to contemporaneously undertake the time-consuming tasks that would necessarily flow from granting Hartford's motion would force them to omit or rush final preparation of their case, thereby prejudicing their ability to conduct their defense. To impose this burden, in a case such as this where the moving party has offered no acceptable justification for missing the Court's deadline by more than six months, would, in this Court's view, constitute fundamental unfairness.

The Court must finally consider Burns & Roe's ability to cure the prejudice that it would suffer if Hartford's motion were granted. Absent Court intervention, no cure seems possible. There are only so many days in a week and so many hours in a day, and the prejudice effected by the granting of Hartford's motion would not be an inability to depose Hartford's experts or to name opposing experts, but the ineluctable diversion of time and resources from other areas of trial preparation. As long as the time available to it remains fixed, Burns & Roe is helpless to avoid this forced and prejudicial diversion.

The question then becomes: is this Court required under *Johnson* to grant a continuance, thereby allowing Burns & Roe additional time to prepare its case and dispelling the prejudice that would otherwise accrue from granting Hartford's motion? The Court is certain that the answer to this question is "no." The prejudice occasioned by a concealment or late disclosure of important discovery materials or expert testimony will almost always be curable by postponing trial and allowing the opposing party time to regroup. If the Court were required to mechanically grant such postponements, regardless of the surrounding circumstances and in the absence of any showing of extenuating circumstances or good cause, its pretrial deadlines could al-

Each issue involves the basic design of the damaged equipment, and such rudimentary elements of the accident as the fact that damage was caused by the incursion of saltwater.

ways be disregarded with impunity. The Court would lose all ability to meaningfully frame a trial docket, and free rein would be given to cunctators and manipulators, all to the detriment of judicial efficiency and at the expense of those who conscientiously perform their discovery and scheduling responsibilities and who rely on the Court's ability to fairly require that their adversaries do so as well.

Accordingly, it is hereby ORDERED that Defendant's Motion for the Exclusion of Expert Witness Testimony be GRANTED and that Plaintiff's Motion to Name Expert Witnesses be DENIED.

