**Daniel M. MAJEWSKI, Sr., Plaintiff,**

v.

**SOUTHLAND CORPORATION, Defendant.**

**Civil Action No. 96–2029–GTV.**

United States District Court, D. Kansas.

Dec. 19, 1996.

Jerry K. Levy, Law Offices of Jerry K. Levy, Lawrence, KS, James E. Martin, Overland Park, KS, for plaintiff.

Thomas M. Sutherland, Holbrook, Heaven & Fay, P.A., Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The Court has before it Plaintiff's Motion to Designate Expert Witnesses (doc. 20). It seeks leave for plaintiff to designate Dr. Edward J. Prostic and Dr. Richard W. Santner as expert witnesses. According to the reports attached as exhibits to the supporting memorandum of plaintiff, Dr. Prostic as an orthopedic surgeon would testify as to the medical condition and disability of plaintiff. Dr. Santner as a vocational expert would testify about the limitation of the ability of plaintiff to do certain tasks required for his employment and about his loss of income. Defendant opposes the motion on grounds of untimeliness, prejudice, and failure of the reports of these two experts to provide all the information required by Fed.R.Civ.P. 26(a)(2).

The Court will note the chronology of this case. Plaintiff filed his complaint January 16, 1996. On May 7, 1996, the Court conducted a scheduling conference. Among other matters it adopted the deadlines for exchange of reports of expert witnesses, as proposed by counsel: July 1 for plaintiff and September 1, 1996, for defendant. The Court set a trial date of February 3, 1997. See Scheduling Order (doc. 9) and Report of Parties' Planning Meeting (doc. 7). On August 7, 1996, the Court granted the motion of plaintiff to extend his deadline to August 1 and that of defendant to October 1, 1996. It also extended the discovery deadline to November 1, 1996.

On October 9, 1996, the Court conducted a final pretrial conference. At that time plaintiff orally asked leave to designate his two expert witnesses out of time. Defendant objected upon grounds the designations were

untimely and that the reports of the experts did not comply with Rule 26(a)(2). The Court found the reports which plaintiff produced at the pretrial conference not in compliance with the rule. Generally they failed to include adequate supporting information, particularly qualifications of the witnesses, designations of their prior testimony, and the compensation to be paid them for their study and testimony. Accordingly, it denied the oral motion and gave plaintiff until October 23, 1996, to file any written motion, accompanied by reports which would comply with the rule. The Court also extended the discovery deadline to December 1, 1996.

On October 24, 1996, plaintiff filed the present motion. To excuse its untimeliness, plaintiff asserts he was still under medical care until the last week of August 1996, thus disabling the experts from completing the required reports earlier. Upon his release from treatment, Dr. Prostic evaluated plaintiff and prepared his first report on September 12, 1996. Dr. Santner also evaluated plaintiff and prepared his first report on September 30, 1996.

█ In opposition, defendant first suggests the motion itself is out of time by one day and therefore should be overruled. The Court will not deny it on that ground.

· Defendant more strenuously urges that the untimeliness of the reports are grounds to deny the motion. Because of the approaching trial date of February 3, it also contends that granting the motion would cause it prejudice by lack of remaining time to depose the two experts and retain its own expert witnesses. Defendant further argues that the reports of the experts are still deficient, particularly for their failure to provide adequate information about the basis for the expert opinions, the information the doctors reviewed, and the identification of other cases in which they have testified as expert within the past four years.

The parties have known since May that trial is scheduled for February 3, 1997. They have also known of the deadlines set for submission of reports of expert witnesses. Plaintiff initiated the motion to extend that deadline. He did nothing after that until the pretrial conference of October 9. At that time he offered reports which lacked the information required by Rule 26(a). The Court provided plaintiff with a deadline of

October 23 to file a written motion for leave to designate the experts, with the understanding the motion would be determined upon its merits, after briefing by both parties. The Court finds that these designations and reports are indeed out of time and would work prejudice to defendant, were they allowed. They have not left defendant sufficient time to depose Drs. Prostic and Santner and to obtain its own expert witnesses.

Plaintiff offers no excuse or reason, moreover, as to why he did not earlier seek an extension of his deadline. One must conclude from his memorandum that he assumed the deadline could be ignored simply because plaintiff was still under treatment. The Court knows of nothing in the Rules to support such a proposition. Plaintiffs often proceed to trial without having been released from medical treatment. Such release sometimes takes years. The Rules themselves contemplate that information provided in discovery, moreover, including reports of expert witnesses, may require later supplementation. Rule 26(e)(1) specifically contemplates periodic supplementation and explicitly refers to testifying experts. It does not contemplate that a party, without stipulation or leave of court, may elect to defer a report until a later date of his own choosing.

The Court also finds that the reports themselves remain deficient, particularly with regard to listing cases in which the witnesses previously testified as expert. In *Nguyen v. IBP, Inc.,* 162 F.R.D. 675 (D.Kan. 1995) Magistrate Judge Newman discussed at length the requirements of Rule 26(a)(2) with respect to information about cases in which an expert witness has previously testified:

... No identification of the "cases" in which these depositions were given is provided. The court or administrative agency in which the depositions were taken is not provided.... The list is not signed by the witness....

.     .     .     .     .

A review of the "listing" provided reveals that plaintiff has not disclosed "cases" but rather patient's names....

The court has great difficulty accepting at face value plaintiff's representation that all available information regarding cases in which the witness has testified as an expert during the past four years has been disclosed. The witness does not provide an affidavit to this effect. The witness does not supply facts concerning the availability of information and the sources of available information. Apparently, the plaintiff would have the court believe that Dr. Schecter has not maintained copies of any correspondence with attorneys which would have identified cases in which the expert's patients have been involved or in which depositions have been taken. The representation to the court would require the court to believe that Dr. Schecter has not maintained medical files on his patients which would include all documents which came into his hands related to patients examined by him. The court is asked to conclude that no medical reports or billing statements to attorneys have been maintained which would identify either the cases or the complete names and addresses of the attorneys.... Although Dr. Schecter may not have maintained a list of cases in which he has testified, one would expect a physician to have maintained records in the ordinary course of business from which the required disclosures could be assimilated.

.        .        .        .        .

The information required to be disclosed are "cases" in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony. With the information supplied herein, the defendant would be required to contact each of the attorneys listed and obtain the identification of the "cases." Of necessity, each attorney contacted would be required to cooperate by searching his indexes and files to obtain the information and by providing such information in a timely manner. While ultimately the party might obtain the information in those cases where the attorneys are sufficiently identified and cooperative, the burden is shifted from the disclosing party to the discovering party to identify the "cases." Such is not contemplated by Fed.R.Civ.P. 26(a)(2)(B). In order to obtain the information which the plaintiff is required to disclose, the defendant must expend substantial time and resources. Cooperation of more than 100 attorneys who are not involved in this case in any way would also be required.

*Id* at 680–682.

With respect to the lack of information about previous expert testimony, the facts here parallel those in *Nguyen*. Dr. Prostic has listed approximately 584 persons for or about whom he has given testimony over the past four years. Mr. Santner has listed 81. Their lists show dates of testimony and for each entry the name of one person and, as to the lists provided by Dr. Prostic, the name of an attorney. Nothing more. The Court finds no information to identify the caption of any case or identification of any court in which testimony was given. Defendant highlighted those deficiencies in its opposing memorandum. It cited *Nguyen*. Plaintiff did nothing in response. It has presented no affidavit from either doctor. It has offered no explanation for the deficiencies. If either party must bear the burden of the unexplained deficiency it must be the party in default, in this instance the plaintiff. He may not shift that burden to his opponent.

██  In summary, the Court finds plaintiff, knowing since May of an early February trial setting, has failed to provide timely reports of expert witnesses. The untimeliness would work prejudice against defendant, were the designations now allowed. Accordingly, the Court overrules Plaintiff's Motion to Designate Expert Witnesses (doc. 20).

IT IS SO ORDERED.