**Anna Marie Hernandez HILT, Plaintiff,**

v.

**SFC INC., f/k/a Skillpath Inc., d/b/a Skillpath Seminars, Defendant.**

**Civil Action No. 96–2047–EEO.**

United States District Court,
D. Kansas.

Jan. 17, 1997.

Sarah A. Brown, Sharon A. Coberly, Coberly & Brown, Overland Park, KS, for Plaintiff.

Karen K. Howard, Kansas City, MO, Linda S. Skinner, Mission, KS, for Defendant.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Pending before the court is Defendant's Motion To Compel Discovery (doc. 39). Pursuant to Fed.R.Civ.P. 37, defendant seeks an order to compel plaintiff to fully answer Interrogatories 5, 6, 8, 9, 10, 11, 12, 13, and 16 and produce all documents responsive to Request for Production 1, 21, and 24. By agreement of the parties the court deems the motion moot to the extent it seeks further answers to Interrogatories 6 and 16. Plaintiff otherwise opposes the motion.

Interrogatory 5 asks: "With respect to each expert witness you intend to call at trial, please provide the information described in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure." In response to the interrogatory plaintiff states that she "will supplement this interrogatory answer." She submits in response to the motion that defendant has the information sought. She claims the information is in the affidavit of her expert, filed October 1, 1996 and a *curriculum vitae* attached as exhibit 3 to her response to the motion. Defendant claims the alleged answer to Interrogatory 5 is not in compliance with Fed.R.Civ.P. 26.

The answer to Interrogatory 5 does not suffice. Plaintiff has provided no answer under oath in accordance with Fed.R.Civ.P. 33(b)(1). She improperly refers defendant to two documents for her answer. If she intends to incorporate the two documents, she should affirmatively state as much under oath and attach them to her answer to the interrogatory. The two documents, moreover, do not satisfy the requirements of Fed. R.Civ.P. 26(a)(2)(B).

Fed.R.Civ.P. 26(a)(2)(B) requires "a written report prepared and signed by the witness." Plaintiff submits an affidavit of her expert witness, Dr. Diane Rausch, as the written report. The affidavit purports to satisfy the requirement of a written report prepared and signed by the witness. Plaintiff also submits a *curriculum vitae* to supplement the affidavit. Dr. Rausch, however, has not signed the *curriculum vitae*. Plaintiff has not attached it to the proffered affidavit.

Fed.R.Civ.P. 26(a)(2)(B) also requires that the report contain certain basic information, including "a complete statement of all opinions to be expressed and the basis and reasons therefor." The submitted report states:

2. In my opinion, the Defendant does not have appropriate policies and procedures regarding sexual harassment, it did not conduct a reasonable or adequate investigation of complaints of sexual harassment by Plaintiff and it failed to take appropriate corrective action in response to Plaintiff's complaints of sexual harassment and it failed to protect Plaintiff from further harassment and retaliation. Defendant did not satisfy its obligations [sic] an employer under the law with respect to sexual harassment in the workplace.

3. My opinions are based upon my education, training and experience as a psychologist, affirmative action and compliance director, consultant and trainer in employment discrimination and harassment concerns. I considered and relied upon the depositions of Anna Hilt and Linda Walker.

(Aff. of Diane Rausch, attached to Plaintiff's Rule 26 Disclosure of Expert Testimony, doc. 34.) These two paragraphs do not satisfy the requirement that the report contain "the basis and reasons" for the opinions.

The report "is intended to set forth the substance of the direct examination" of the expert witness. Fed.R.Civ.P. 26(a)(2) advisory committee notes (1993 amend.). "The requirement ... of a complete and detailed report of the expected testimony ... may, moreover, eliminate the need for some ... depositions or at least reduce the length of the depositions." Fed.R.Civ.P. 26(b)(4)(A) advisory committee notes (1993 amend.).

The report here states the opinions of Dr. Rausch. It does not adequately set forth the basis and reasons for them. It simply says they are based upon the education, training, and experience of Dr. Rausch and her reliance on two depositions. Most, if not all, expert opinions reflect the education, training, and experience of the expert and her reliance upon something. That says nothing, however, as to how she reaches her expert opinions. To satisfy Fed.R.Civ.P. 26(a)(2)(B) the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them.

Fed.R.Civ.P. 26(a)(2)(B) also requires that the report contain "the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years." The report here contains no list of the publications authored by the expert. Plaintiff proffers a *curriculum vitae* of her expert to satisfy this requirement. Although the *curriculum vitae* provides a list of publications authored by the expert, Dr. Rausch has neither signed it nor attached it to her signed report.

Fed.R.Civ.P. 26(a)(2)(B) also requires "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." In her report Dr. Rausch states: "I have testified either at trial or deposition in the following matters within the last five years: In 1996 I was retained as an expert in a sexual harassment claim held before an arbi-

tration panel of the National Association of Securities Dealers, Inc. in Overland Park, Kansas. In 1994 I was deposed in a legal case as an expert for the plaintiff in a sexual harassment charge." (Aff. of Rausch, ¶ 6.) The statement fails. It identifies no specific "cases." "The identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D.Kan.1995). If the witness does not have that information within her control, she should say so.

For all the preceding reasons plaintiff shall supplement her answer to Interrogatory 5 to comply with Fed.R.Civ.P. 26(a)(2)(B) and 33.

Interrogatory 8 asks plaintiff to "[i]dentify by name and address any individual known by you [plaintiff] or believed by you to be in possession of evidence or knowledge concerning the allegations made by you in your EEOC Charge of Discrimination and your judicial Complaint." Subparagraph (a) further states: "For each individual identified, describe the substance of the evidence or knowledge possessed by that individual as you understand it." By supplemental answer plaintiff states: "Plaintiff incorporates her deposition testimony, answers to interrogatories number 6 and 8 and her disclosures. To the extent Plaintiff has witnesses not testified to in her deposition, she will supplement this interrogatory." In her memorandum plaintiff further explains that at her deposition defendant inquired at length about her knowledge of the testimony of the witnesses. In her reply defendant does not refute this.

■ The Court will require plaintiff to supplement her answer to Interrogatory 8 to the extent of providing the requested information for any witnesses about which she did not testify in deposition. She shall also exhibit to her supplemental answer copies of the pertinent page(s) from the transcript of her deposition which answer the interrogatories. The court otherwise finds the answer sufficient. The interrogatory does duplicate the initial disclosures. Defendant has provided no persuasive reason, furthermore, to

require plaintiff merely to repeat by written answers her testimony at deposition.

Interrogatory 9 asks plaintiff to "[i]dentify by name, business address and specialty, if any, any and all physicians or other health care professionals, psychologists, and/or counselors with whom you have ever consulted or by whom you have ever been treated." Subparagraph (a) further asks that plaintiff "identify the dates of treatment, the nature of treatment, the diagnosis and any recommendations for ongoing treatment." Plaintiff objects that the interrogatory seeks irrelevant information and is overly broad and burdensome in that it is unlimited in time and scope. She nevertheless provides a list of names and addresses for the past five years.

■■ Defendant suggests Interrogatory 9 seeks information relevant to alleged emotional distress and mental anguish of plaintiff. It submits, furthermore, that the proffered answer insufficiently answers subparagraph (a). Plaintiff submits that information for a period of five years, on the other hand, adequately answers the interrogatory. She suggests that older information has no relevancy. She further suggests that defendant can obtain information responsive to subparagraph (a) through her medical records.

Plaintiff has claimed damages for "mental and emotional pain, distress, humiliation and anguish" (Compl. ¶¶ 22 and 28) and mental anguish and emotional distress (Compl. ¶ 36). She thus places her mental, emotional, and psychological condition at issue. The medical history sought by Interrogatory 9 appears relevant both as to causation and as to the extent of her alleged injury and damages. Plaintiff has not shown it to be irrelevant. An interrogatory is not necessarily overly broad or unduly burdensome simply because it is unlimited in time and scope. Plaintiff has the burden to show the validity of her objections. She has not done so. She shall fully answer Interrogatory 9, including subparagraph (a). She may not answer it by referring defendant to previously produced medical records.

Interrogatories 10 through 13 ask plaintiff to state "each and every fact supporting all of the allegations" in Counts I through IV of her Complaint and identify "[e]ach person having knowledge of each fact" and "[a]ll documents purporting to support Count[s I through IV]." Plaintiff objects that these interrogatories are overly broad and unduly burdensome. She directs defendant to her initial disclosures and all discovery to date.

■ The court finds Interrogatories 10 through 13 overly broad and unduly burdensome. They represent a type of excess which in the opinion of the court has become too common in recent months. The interrogatories ask not merely for material or principal facts. They seek "each and every fact" supporting the allegations of plaintiff, no matter how insignificant or minor. They make no distinction between admitted and contested allegations. In its answer defendant has admitted the following allegations: that defendant's place principal of business and its registered agent are as the complaint alleges; that plaintiff was employed in various capacities by defendant from July 27, 1994 through January 4, 1995 at its distribution center in Kansas City, Kansas; that plaintiff filed EEOC and KHRC charges on April 19, 1995; that the EEOC issued a right-to-sue letter to her on December 7, 1995; that plaintiff is female and a member of a protected group; that on or about August 31, 1994, she sustained a work-related injury when a bin fell on her shoulder; and that she exercised her rights under the Workers Compensation Act for that injury. As to these and all the remaining allegations in the four counts of the complaint Interrogatories 10 through 13 thus ask for "each and every fact," together with the identification of each knowledgeable person and supporting document. This would require plaintiff to provide the equivalent of a narrative or otherwise detailed account of her entire case in chief, together with identification of virtually all supporting evidence for each fact.

Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact

which may relate to a case. Fed.R.Civ.P. 1 states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.

The nature of the federal discovery rules themselves suggests they are intended to facilitate reasonable discovery, not unduly burdensome, but selected by each party to fit the needs of the particular case. The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know. Nor do they prohibit such broad discovery, if a party can obtain it without unreasonably burdening the opposition. Fed.R.Civ.P. 16 and 26 authorize the courts with help of counsel to supervise and manage the discovery process so as to allow parties reasonable opportunity to find out what the opposition contends and knows. This requires counsel in any given case to exercise professional judgment and determine the priorities of discovery.

The Court does not find, however, that discovery rules either expressly allow or otherwise encourage the use of interrogatories as 10 through 13 are asserted here. The rules provide for a variety of discovery procedures to fit the various ways in which information can best be obtained. In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts. Arguably depositions are more expensive than interrogatories. Experience suggests, however, that litigants seldom reduce the volume of depositions upon receiving large amounts of information from interrogatories. Indeed, a voracity for more depositions more often flows forth. The federal rules themselves contemplate a reasonable limit to the number of interrogatories which may be served upon another party—25. By order or stipulation the Court or the parties may enlarge that number. In this case they agreed to limits of 30 interrogatories and 12 depositions per party. Interrogatories 10 through 13 with their subparts, however, would expand the number to 132 or more, with no stipulation or order of the court to allow them.

If the drafters of the rules had intended to authorize interrogatories with an impact as wide as the entire case, they could more realistically and easily have adopted a simple rule to require every pleading to be accompanied by a statement of all the facts supporting every allegation and the identifications of every knowledgeable person and supporting document. The rules, of course, contain no such requirement. They contemplate instead that discovery in each case be sensibly organized and managed—and often limited—to provide each party with reasonable opportunity to learn information essential to a fair resolution of the case.

Recent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1):

Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . . .

Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number. The Rules permit a party to serve on any other party no more than twenty-five interrogatories, including all discrete subparts. That number can be exceeded only with leave of court or a stipulation from the opposing party. Local rules may also impose limits on the use of interrogatories.

Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance

at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses....

. . . . .

A particular problem is the use of definitions of the term "identify" that attempt to force an opponent to provide information about every document, witness, or event referred to in the interrogatory answers. Such sweeping definitions tend to be ineffective and invite objections—often legitimate—that they are too burdensome, rendering the entire set of interrogatories useless.

William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice*, 4–5 to 4–7 (2d ed. 1994); *see also, Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 662 (D.Kan.1996).

In its own decisions this Court has compelled parties to answer interrogatories similar to those here in question, 10 through 13. Most if not all of those rulings have addressed interrogatories directed at a discrete or specific allegation of a pleading, sometimes to an entire claim or defense. At this point the Court does not propose to reject as overly broad or unduly burdensome all interrogatories which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations.

In this case, however, the court finds that Interrogatories 10 through 13 go too far. They indiscriminately sweep an entire pleading, including allegations which are admitted, with an excessive number of interrogatories (at least 132 instead of four). They require the responding party to provide in essence a running narrative or description of the entire case, together with identifications of all knowledgeable persons and supporting documents. Aside its general argument for discoverability, defendant has provided no reason or justification for this kind of indiscriminate sweep. For the foregoing reasons the Court sustains the objections that Interrogatories 10 through 13 are overly broad and unduly burdensome. Plaintiff need not respond to them.

■ Request for Production 21 seeks "[a]ny and all documents identified in response to Interrogatory number 16." Plaintiff's written response was "None." Plaintiff has since identified one document responsive to the request: notes taken by her counsel after interviewing Mike Karch, a supervisory employee of defendant at the time of the interview. She objects to its production on grounds of work product. The notes constitute work product within the meaning of Fed.R.Civ.P. 26(b)(3). A party can discover work product documents "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Defendant has shown no substantial need. Plaintiff need not produce documents in response to Request 21.

■ Request 24 seeks "[a]ll documents prepared by Robin Duncan pertaining to any alleged statement by Mike Karch that 'sexual harassment was a problem at Skillpath.'" Plaintiff objects that this request seeks privileged work product. She indicates in response to the motion and in a letter dated October 8, 1996 (Ex. F, attached to Suggestions in Supp. of Mot. To Compel, doc. 40) that no responsive documents exist. Because of inconsistencies between the response and the letter, defendant asks that plaintiff be required to serve an amended response to Request 24, if there are no responsive documents. The court will so order. Plaintiff shall serve a supplemental response to the request, to affirm that she has no responsive documents.

Request 1 seeks a copy of plaintiff's 1995 tax return. Plaintiff produced an extensively redacted copy. Defendant wants an unredacted copy. It suggests that an existing protective order adequately protects disclosure and dissemination of information contained in the tax return. Plaintiff submits that she filed a joint return with her husband in 1995. She contends that the income and earnings of her husband are irrelevant and that the request is not reasonably calculated to lead to the discovery of admissible evi-

dence. She suggests that defendant seeks an unredacted return only to assure itself of the propriety of the redactions. She has offered to produce an unredacted tax return under a protective order which limits disclosure to defense counsel. Alternatively, she offers to produce the document for *in camera* review.

■ This court has often refused discovery of tax returns. Public policy protects against their production. Although courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery.

The courts have developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."

*Audiotext Communications Network, Inc. v. US Telecom, Inc.,* No. Civ.A. 94–2395–GTV, 1995 WL 625962, at *11 (D.Kan., Oct. 5, 1995) (citations omitted).

■ To the extent the tax return reveals income of plaintiff, defendant has shown it relevant to the issue of damages. Plaintiff claims economic losses. She seeks back and front pay. (Compl. ¶¶ 22, 28, and 36.) She has put her income at issue. She has produced a redacted tax return which adequately reveals her income. Attached to the redacted return are unredacted copies of Forms 1099–G and W–2, relating respectively to unemployment compensation and to earned income. A redacted copy of Form MO–1040 also shows her individual income. Accordingly, the court finds the proposal of plaintiff to be adequate and acceptable. She shall produce an unredacted tax return solely for inspection by defense counsel for the purpose of this lawsuit. Defense counsel shall not reveal the previously redacted parts to any other person.

In summary, the court sustains in part, overrules in part, and deems moot in part Defendant's Motion To Compel Discovery (docs. 39 and 44.) Within twenty days of the date of this order, plaintiff shall serve a written response to Request 24 and answer Interrogatories 5, 8, and 9, as directed herein. Within that same time period, she shall produce all documents responsive to Request 1, as directed herein and subject to the protective order entered herein. Such production shall take place at the offices of defense counsel located at 5925 Beverly; Mission, Kansas; or at any other location agreed upon by the parties. The court deems the motion moot to the extent it seeks further answer to Interrogatories 6 and 16. It otherwise overrules the motion. Each party shall be responsible for its own costs and expenses incurred upon the motion.

IT IS SO ORDERED.