**Arnold SEYMOUR, Plaintiff,**

v.

**CONSOLIDATED FREIGHTWAYS and Chester Bradford, Jr., Defendants.**

**Civ.A. No. 3:97–CV–524WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 13, 1999.

John H. Musser, IV, New Orleans, LA, for plaintiffs.

James P. Streetman, III, Wade G. Manor, Clark, Scott & Streetman, Jackson, MS, John H. Musser, IV, New Orleans, LA, for defendants.

## ORDER

WINGATE, Judge.

Before the court is the motion of the defendants to strike the plaintiff's designation of experts (**item 24**), asserting that the plaintiff failed to designate experts prior to the June 15, 1998, deadline provided in the court's last Scheduling Order after two previous extensions of time to do so. According to the defendants, the plaintiff's designation of experts was not filed with the court until June 18, 1998. Additionally, the defendants contend that the plaintiff's designation of experts itself fails to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure because it fails to make a clear and complete disclosure of what the experts' opinion evidence at trial will be.

Plaintiff responds that he mailed his designation of experts to the defendants on June 15, 1998, and that the Case Management Plan does not require the designation to be filed with the Clerk of the Court on that same date. Furthermore, says plaintiff, the defendants have known the identity of the plaintiff's experts since May 5, 1998. Finally, the plaintiff notes that the reports of the designated experts were not complete as of the deadline date of June 15, 1998. However, says plaintiff, the experts' reports subse-

quently were completed and delivered to the defendants within a reasonable time thereafter.

The parties agree that the original deadline for designation of experts was January 19, 1998; that no experts were designated by either party at that time; that on April 10, 1998, the defendants moved to extend the Scheduling Order and the deadline for designating experts was set for April 16, 1998; that on May 20, 1998, the plaintiff moved to extend the deadline; and that the court allowed the plaintiff until June 15, 1998, to designate experts. The parties also agree that this case was set for trial on November 11, 1998, and that this setting was continued due to this court's already heavy trial schedule.

Exclusion of expert testimony based on a party's failure to properly and timely designate experts is governed by four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990), citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir.1989). When a party seeks this extraordinary sanction, this court is obliged to consider the effect of the conduct for which that sanction is sought has had on the court's docket, whether it has prejudiced that party's opponent, and whether deterrence is necessary to protect the integrity of the judicial system. *See Bristol Petroleum Corporation v. Harris*, 901 F.2d 165, 167 (D.C.Cir.1990). In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976), a case involving flagrant failure to respond to interrogatories, the United States Supreme Court approved the drastic sanction of dismissal based on counsel's "callous disregard" for the rules and orders of the court. District courts usually find that the exclusion of otherwise admissible testimony for failure to meet a timing requirement is an extreme measure to be avoided where possible. *See Central Maine Power Company v. Foster Wheeler Corporation*, 115 F.R.D. 295, 297 (D.C.Me.

1987). Failure to meet a designation deadline by a day or two has been rejected as the sole basis for excluding a party's expert testimony. *See Majewski v. Southland Corporation*, 170 F.R.D. 25, 26 (D.Kan.1996) (rejecting the untimely designation argument, but excluding evidence based on other more flagrant violations of the discovery rules).

In the instant case, this court finds no basis for determining that the plaintiff acted in callous disregard of this court's orders and rules. The plaintiff explained that he designated his experts by June 15, 1998, mailed the designation to the defendants, and filed the notice of designation with the court on June 18, 1998. The expert's reports followed, says plaintiff, within a reasonable period of time thereafter. This court notes that any prejudice which could have resulted from the plaintiff's delay was removed by subsequent events, particularly the continuance of trial. Thus, three of the four *Geiserman* factors militate against the sanction of excluding the plaintiff's experts. The defendants make no claim that they are surprised by the plaintiff's designation. Even if the defendants did claim surprise, the opportunity to cure any prejudice resulting from surprise has not been lost. A new trial date in this case has not yet been set.

Therefore, based on the foregoing, this court hereby denies the motion of the defendants to strike the plaintiff's designation of experts (**item 24**).