Frances L. COLEMAN & Howard R. Coleman, Plaintiffs,

v.

Jerzy DYDULA & Alicija Dydula, Defendants.

No. 96–CV–244C(H).

United States District Court, W.D. New York.

Sept. 8, 1999.

John J. Fromen, Buffalo, NY, for plaintiffs.

Stanley J. Sliwa, Sliwa & Lane, Buffalo, NY, for defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Defendants move to preclude plaintiffs' expert witnesses, Ronald Reiber, Ph.D., and Herbert Weber, for failure to comply with Rule 26 of the Federal Rules of Civil Procedure (Item 51). Plaintiffs oppose the motion, and request an extension of time in which to file Herbert Weber's expert report (Item 56, ¶ 124).

For the reasons set forth below, defendants' motion is granted in part and denied in part. Plaintiffs are precluded from introducing the testimony of their vocational expert, Herbert Weber, because they failed to comply with this court's previous order of

April 26, 1999. As to Dr. Reiber, plaintiffs shall provide defendants with a list of all cases in which Dr. Reiber has testified in the past four years in compliance with Rule 26. This list should include the name of the court, the names of the parties, the docket number (if available), and whether the testimony was given during a deposition or at a trial. Defendants shall submit an affidavit addressing the fees and expenses incurred as a result of plaintiffs' failure to disclose their expert testimony.

## BACKGROUND

This is a diversity action for personal injuries and property damage arising out of an automobile accident that occurred on March 17, 1993, at approximately 3:35 P.M., in the City of Buffalo, between Frances Coleman, a New York State citizen, and Jerzy Dydula, a citizen of Ontario, Canada. The history of this case has been addressed elsewhere, and will not be revisited here. *See Coleman v.. Dydula,* 175 F.R.D. 177 (W.D.N.Y.1997); *Coleman v. Dydula,* No. 96–CV–244C(H), (W.D.N.Y. Apr. 26, 1999) (order granting in part and denying in part defendants' motion to preclude expert testimony).

This is defendants' second motion to preclude the expert testimony of Dr. Reiber and Herbert Weber based on the plaintiffs' failure to comply with Rule 26. The first motion resulted in an order filed on April 26, 1999, in which plaintiff was directed to provide full and complete disclosure in accordance with Rule 26, as to both Dr. Reiber and Mr. Weber, by May 14, 1999 (Item 48). The court then noted that further delay was unwarranted, and warned that "failure to adhere to this deadline or to file reports which do not comply with this rule will result in the preclusion of Dr. Reiber's and/or Mr. Weber's testimony" (*Id.* at 9).

On June 10, 1999, defendants filed the instant motion to preclude the testimony of Dr. Ronald Reiber and Herbert Weber for plaintiffs' failure to comply with this court's order of April 26, 1999 (Item 51). Defendants also seek attorney's fees and expenses (*Id.*). Each of these issues is addressed below.

## DISCUSSION

### I. Preclusion of Herbert Weber's Testimony.

■ Defendants move to preclude the testimony of plaintiffs' vocational expert. Herbert Weber, because plaintiffs have failed to comply with this court's order of April 26, 1999, which directed them to submit Herbert Weber's expert report by May 14, 1999. Indeed, plaintiffs simply have ignored that order and made no attempt to comply with it.

In response, plaintiffs claim that Mr. Weber has been unable to render an opinion because Frances Coleman has not completed the E.O.C. and VESID job training programs (Item 56, at ¶ 121). She has been experiencing health problems unrelated to this litigation which "puts her overall disability from employment in a state of flux" (*Id.* at ¶¶ 115–17). Because of Mr. Weber's inability to complete his expert report, plaintiffs now seek an extension of time in which the report can be completed (*Id.* at 124).

This is similar to the reason plaintiffs gave before, in their response to the first motion to preclude. The court's order was quite clear and specific as to plaintiffs' obligation to supply the report, which by now is many months overdue. The previous extension was more than generous, and further delay by the plaintiff is unjustified. Accordingly, defendants' motion to preclude the testimony of Herbert Weber is granted.

### II. Preclusion of Dr. Ronald Reiber's Testimony.

Defendants also move to preclude the expert testimony of Dr. Ronald Reiber, plaintiffs' economist, due to deficiencies in the expert report. Specifically, defendants maintain that Dr. Reiber's report does not adequately identify the cases in which Reiber has testified during the last four years, and it also fails to specify the "reasons" for various opinions that he has expressed.

■ Rule 26 requires an expert's report to include, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor .... and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." FED.R.CIV.P. 26(a)(2)(B). Case law establishes that the list of cases in which the witness has testified should at a minimum include the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or trial. *Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D.Kan.1997); *Majewski v. Southland Corp.*, 170 F.R.D. 25, 27 (D.Kan. 1996); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D.Kan.1995).

■ Plaintiffs' expert provided defendants with a list of names for the years 1994 through 1998, and stated that he has testified in New York State Supreme Court for the counties of Chautauqua, Erie, Genesee, Monroe and Niagara, and that he has also testified in the United States Court for the Western District of New York (Item 51, Ex. 9). This list clearly does not comply with the above stated requirements. In an opposing affidavit, Dr. Reiber states that he has never been asked to provide this information in the past, and that he does not maintain records containing this information (Item 56, Ex. A, at ¶¶ 6, 9–14).

The obvious purpose of providing lists of prior cases is to enable opposing counsel to obtain prior testimony of the expert. Here, defense counsel cannot research prior testimony with the limited information provided. Rule 26 does not contemplate shifting this burden to the discovering party. *Majewski,* 170 F.R.D. at 27; *Nguyen,* 162 F.R.D. at 682.

■ The reasons given for noncompliance are unpersuasive. Failure to provide this information in the past does not justify failure to comply with Rule 26(a). It would strain credulity to think that Dr. Reiber has no records of the cases other than the clients' names. Certainly he must have billing records and client files from which he could gather the required details.

Dr. Reiber should be given one last opportunity to amend his expert report to provide a listing of all cases in which he has testified during the past four years. This list should include the name of the court, the names of

the parties, the docket number, and it shall state whether the testimony was given at an examination before trial or during trial. *See Hilt,* 170 F.R.D. at 185; *Majewski,* 170 F.R.D. at 27; *Nguyen,* 162 F.R.D. at 682. Failure to provide this information will result in the preclusion of Dr. Reiber's testimony.

Defendants also argue that Dr. Reiber's report should be excluded because his initial report did not specify the "reasons" for various opinions that were made. According to defendants, Dr. Reiber's report fails to explain how he arrived at the figure of $1,002,-445.00 for future economic loss. In addition, Dr. Reiber offered two alternative projections as to future economic growth. Defendants argue that Dr. Reiber failed to explain how this data could be utilized as a reasonable growth rate, or why either figure represents a reasonable growth rate. Defendants also argue that Dr. Reiber makes an assumption that Mrs. Coleman would work until age 66, but fails to provide an adequate explanation for the reasonableness of this assumption.

Dr. Reiber has submitted several additional documents which address defendants' questions. These additional materials adequately address defendants' concerns. Further questions can be asked at a deposition, if desired.

Accordingly, defendants' motion to preclude the testimony of plaintiffs' economist is denied without prejudice to renew.

### III. Attorney's Fees and Expenses.

■ Defendants also move for reasonable attorney's fees and expenses pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. Rule 37(c)(1) provides for sanctions, including attorney's fees, when a party without substantial justification fails to disclose information required by Rule 26(a).

An award of attorney's fees and expenses is entirely warranted in this case. This is defendants' second motion to preclude. Plaintiffs were directed to submit written expert reports in accordance with Rule 26(a)(2) by May 14, 1999 (Item 48). No expert report was submitted from plaintiffs'

vocational expert, and plaintiffs' economist's report did not comply with Rule 26.

Accordingly, defendants are directed to submit an affidavit of fees and expenses incurred as a result of plaintiffs' breach of their duty to disclose.

### CONCLUSION

For the reasons set forth above, plaintiffs motion to preclude plaintiffs' expert witnesses (**Item 51**) is granted in part and denied in part. Plaintiffs' motion to extend the time in which to file Herbert Weber's expert report (**Item 56, at ¶ 124**) is denied.

**Plaintiffs are directed** to file an amended written expert report from Dr. Reiber by **October 1, 1999.** The amended report will list all cases in the past four years in which Dr. Reiber offered expert testimony, and will include the name of the court, the names of the parties, the docket number, and shall state whether the testimony was given at an examination before trial or during trial. The amended report shall also address the questions raised by defendants. Failure to comply with this requirement will result in the preclusion of Dr. Reiber's testimony.

**Defendants shall have until October 29, 1999,** to depose plaintiffs' forensic economist, if desired.

Defendants' shall submit an affidavit by **September 15, 1999,** addressing the fees and expenses incurred as a result of plaintiffs failure to disclose their expert testimony. Plaintiffs shall have until **September 30, 1999.** Oral argument on defendants' application will be heard on **November 18, 1999, at 3:00 P.M.**

Counsel are directed to appear before Judge Curtin on **September 27, 1999, at 3:00 P.M.,** in order to set a date for trial.

**So ordered.**