Hong Van NGUYEN, Plaintiff,

v.

IBP, INC., Defendant.

No. 94–4046–SAC.

United States District Court,
D. Kansas.

July 27, 1995.

Brent C. Moerer, Topeka, KS, Gary E. Patterson, Patterson, Nelson, Nolla & Witteman, L.C., Wichita, KS, for plaintiff.

J. Nick Badgerow, Michaela M. Warden, Spencer, Fane, Britt & Browne, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on defendant's Motion In Limine to Exclude Testimony at Trial of Plaintiff's Proffered Expert Witness, Nathan Shechter, M.D. (Doc. 33.) Plaintiff has filed a response. Defendant has filed a reply. The matter is ready for the court's decision.

Defendant moves to exclude any testimony at the trial of the action from plaintiff's retained expert witness, Nathan Shechter, M.D., on the grounds that plaintiff has failed to serve a proper disclosure under Fed. R.Civ.P. 26(a)(2)(B). A medical report signed by the expert witness and setting forth a summary of his physical examination and medical opinions was provided by Dr. Shechter on or about October 24, 1994. Plaintiff also supplied an unsigned curriculum vitae and a list of patients about whom Dr. Shechter had given deposition testimony. The list identified the patient, either the patient's attorney or the attorney scheduling the deposition, and the date of the deposition.[1] The telephone numbers of some of the attorneys were also included. For certain patients only the first name of the attorney was provided. In other instances, only the attorney's last name was identified. The earliest deposition reflected on the list is January 8, 1992, the latest is October 28, 1994. Plaintiff also served a supplemental answer to defendant's interrogatory requesting certain information about expert witnesses to be called at trial which stated that Dr. Shechter was to be paid the sum of $750.00 for his study and testimony in the case. The supplemental answer was verified by plaintiff on October 21, 1994. While it is unclear to the court as to when the curriculum vitae and the list of patients were served, the court notes plaintiff's objection to defendant's interrogatories was served October 24, 1994, in which the plaintiff objected to an interrogatory requiring a listing of other cases in which the witness had testified as an expert at trial or by deposition within the preceding four years, as broad and burdensome.

Before addressing the merits of the motion, the court must address the briefing in this case. To suggest that the briefing is less than precise would be a gross understatement. The memoranda were prepared sloppily and with total disregard for clarity and candor. In the first instance, defendant's memorandum in support of the motion has so many inaccuracies in basic underlying facts that, on its face, it bears little resemblance to the actual dispute presented to the court. To the credit of defense counsel, the reply brief does acknowledge the inaccuracies and attempts to refocus on the primary issue to be considered by the court. Plaintiff, on the other hand, after noting the numerous inaccuracies in the defendant's memorandum, engaged in the same sloppy practice. With briefing such as is filed here, the court has great difficulty in sorting out the issues in dispute as well as the facts relied upon by the parties to determine the issues. Counsel are admonished to devote the same degree of care to the preparation of their memoranda filed with the court as the litigants expect of the court in the resolution of the dispute presented. If a party's position is of such merit to warrant incurring the time and expense in the presentation of or opposition to a motion, the litigants and the court have the right to expect that-it will be carefully, accurately, and clearly-presented with a sound basis in legal principle.

The court will now turn its attention to the dispute as gleaned from all the memoranda filed. Defendant argues that the plaintiff has failed to make the appropriate disclosures under Fed.R.Civ.P. 26(a)(2)(B) related to retained expert witnesses. Plaintiff boldly proclaims that "[p]laintiff has in fact fully complied with all disclosures pertaining to his expert witness, Nathan Shechter, M.D., under Fed.R.Civ.P. 26(a)(2)."[2]

Fed.Civ.P. 26(a)(2)(B), effective December 1, 1993, provides:

Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an

---

1. Only one case is listed, *Jones v. Prostic*. The court in which the action was filed is not identified.

2. *Memorandum in Support of Plaintiff's Response to Defendant's Motion in Limine to Exclude Testimony at Trial of Plaintiff's Proffered Expert Witness, Nathan Shechter, M.D.*, p. 1 (doc. 36).

employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

■ The rule clearly identifies the manner of disclosure as well as the specific disclosures to be made concerning a retained expert witness. A written report must be *prepared and signed by the witness*. The information to be disclosed in the report shall include:

a. a complete statement of all opinions to be expressed and the reasons and basis underlying the opinions;

b. the data or other information considered by the witness in forming the opinions;

c. any exhibits to be used as a summary of or support for the opinions;

d. the qualifications of the witness including a list of publications authored within the past 10 years;

e. the compensation to be paid for the study and testimony; and

f. a list of any other cases in which the witness has testified within the preceding four years, whether by deposition or at trial.

■ The disclosures served by plaintiff clearly and indisputably do not comply with Fed.R.Civ.P. 26(a)(2)(B). The only document signed by the expert witness was a letter addressing the expert's opinions and the ba-

sis therefor, the data considered by the expert, and exhibits to be used as a summary of or support for the opinions. While a curriculum vitae was provided, it was not signed by the witness and did not include publications authored by the witness within the past 10 years. Although plaintiff, by interrogatory answer, provided the compensation agreement, this agreement was not a part of the report signed by the witness. Plaintiff's counsel supplied a list of 137 patients about whom the witness had apparently testified during the 34 month period prior to October 28, 1994, and the dates of the deposition testimony. No identification of the "cases" in which these depositions were given is provided. The court or administrative agency in which the depositions were taken is not provided. Although an attorney's name is provided as to most of the patients, in many instances the first or last name of the attorney is missing. The telephone numbers are not supplied for the attorneys for 55 patients. The list is not signed by the witness. It includes entries for less than three years rather than for four years as required by the rule.

Fed.R.Civ.P. 37(c)(1) supplies the sanctions to be imposed in the event that a party fails to make the required disclosures. It provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

■ Under Rule 37(c)(1), the court must first consider whether the party has estab-

lished "substantial justification" for the failure to disclose and then consider whether the failure to disclose was "harmless." Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure. The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure.

■ Plaintiff offers no explanation as to why he did not provide a report signed by the expert witness in the form required by Rule 26. Plaintiff explains only the deficiencies in the listing of cases. Plaintiff states that, while the witness has testified in hundreds of cases over the years, the only information retained by him related to his previous testimony is "the patient's name, the attorney's name who scheduled the deposition, the attorney's phone number and the date the deposition was given." Plaintiff's counsel states that he, personally, spent approximately eight hours compiling the information provided from the records retained by the witness for the preceding three years. He alleges that no record of deposition testimony beyond three years has been retained by the witness. Plaintiff argues that since all "reasonably available information listing the cases in which Dr. Shechter has testified" has been provided, the testimony of the witness should not be excluded.

Counsel's statements of fact are not supported by an affidavit and are not in any way adopted by the witness. No facts are supplied as to the expert's efforts to comply with the rule.

The court finds that the plaintiff has not established that the failure to disclose is sub-

stantially justified. Further, upon the facts presented to the court, the failure is not substantially justified.

Plaintiff has provided the facts required by five of the six subject matters required to be disclosed, notwithstanding plaintiff's failure to disclose all facts in the manner required by the Rule. The court will, therefore, primarily focus on the sixth subject matter or the failure to disclose "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

A review of the "listing" provided reveals that plaintiff has not disclosed "cases" but rather patient's names. The period for which disclosure is tendered is 34 months rather than 4 years. At one point in plaintiff's memorandum, the court is advised that the attorneys named are the patients' attorneys. In another place, the court is told that the attorneys named are the ones who scheduled the depositions. Telephone numbers are furnished for only 60% of the attorneys. Many of the attorneys cannot be identified because of incomplete identification. Plaintiff argues that although the identity of the cases themselves may not have been provided, the information which "would enable the defendant to obtain the appropriate court or administrative records of Dr. Shechter's previous testimony" is disclosed. While counsel represents in plaintiff's memorandum that "all reasonably available information" has been disclosed, the witness has not adopted the representation or any of the disclosed information.

■ The court has great difficulty accepting at face value plaintiff's representation that all available information regarding cases in which the witness has testified as an expert during the past four years has been disclosed. The witness does not provide an affidavit to this effect. The witness does not supply facts concerning the availability of information and the sources of available information. Apparently, the plaintiff would have the court believe that Dr. Shechter has not maintained copies of any correspondence

with attorneys which would have identified cases in which the expert's patients have been involved or in which depositions have been taken. The representation to the court would require the court to believe that Dr. Shechter has not maintained medical files on his patients which would include all documents which came into his hands related to patients examined by him. The court is asked to conclude that no medical reports or billing statements to attorneys have been maintained which would identify either the cases or the complete names and addresses of the attorneys. Further, the court is asked to simply accept the representation that Dr. Shechter has no records related to patients seen by him prior to January 8, 1992. Dr. Shechter is a licensed medical doctor in private practice in Kansas City, Missouri, since 1956, board certified in orthopedic surgery since 1952. Although Dr. Shechter may not have maintained a list of cases in which he has testified, one would expect a physician to have maintained records in the ordinary course of business from which the required disclosures could be assimilated. While perhaps the facts are as represented, notwithstanding the court's reservations, there is *no evidence* before the court which would require the court to find the existence of these facts and, without such, the court declines to make such findings.

The court has noted that plaintiff originally objected to answering an interrogatory propounded by defendant requiring plaintiff to provide the required listing on the grounds that it was overbroad and burdensome, an objection totally without merit. It appears to the court that plaintiff has resisted the required disclosure from the outset. When defendant continued to press for the disclosure, plaintiff's counsel apparently spent approximately eight hours in the expert's office compiling the information provided from daily records retained by Dr. Shechter for the preceding three years. The identity of the records reviewed are not disclosed. The amount of time incurred by plaintiff's counsel without further explanation is irrelevant to the issues. There is no evi-

dence before the court as to the expert's efforts to comply with the disclosure requirement.

The court not only rejects plaintiff's argument that all reasonably available information has been disclosed but also rejects plaintiff's argument that the failure to disclose is substantially justified. An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute "substantial justification" for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case. The requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case.

Plaintiff offers no explanation for the employment of an expert witness who was unable or unwilling to provide a report which complied with the rule. A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

The court also finds that the plaintiff has failed to establish that the failure to disclose is not harmless. Further, upon the facts before the court, the failure to disclose is not harmless.

Plaintiff argues that any "minor disclosure omission" is harmless. The characterization of the failure to comply with Rule 26(a)(2)(B) as a minor omission, demonstrates plaintiff's

lack of appreciation for the clear requirements of the Rule. The 1993 amendments to the Federal Rules of Civil Procedure which instituted the disclosure requirement were an attempt to assure that all parties disclosed certain information concerning their expert witnesses, including certain background facts which would enable a party to prepare for cross-examination at deposition or trial. The depositions of experts are precluded until the required disclosures have been made. Fed.R.Civ.P. 26(b)(4). It was also contemplated that in many cases depositions would not be necessary due to the extent of the required disclosure. Obviously, a further reason for requirement of the disclosure in issue was to allow the adverse party to locate other testimony given by the expert witness which might be relevant to his proposed testimony in the pending case.

 The information required to be disclosed are "cases" in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony. With the information supplied herein, the defendant would be required to contact each of the attorneys listed and obtain the identification of the "cases." Of necessity, each attorney contacted would be required to cooperate by searching his indexes and files to obtain the information and by providing such information in a timely manner. While ultimately the party might obtain the information in those cases where the attorneys are sufficiently identified and cooperative, the burden is shifted from the disclosing party to the discovering party to identify the "cases." Such is not contemplated by Fed.R.Civ.P. 26(a)(2)(B). In order to obtain the information which the plaintiff is required to disclose, the defendant must expend substantial time and resources.

Cooperation of more than 100 attorneys who are not involved in this case in any way would also be required.

Plaintiff has not argued that there is anything peculiar about the facts of this case which would make his failure to disclose the "cases" in which the witness has testified of little or no value to the defendant. On the facts presented, the court finds that the failure to disclose the facts which could reasonably allow the defendant to review prior testimony by the witness is not "harmless."

 Plaintiff's failure to provide a report including a statement of the expert's compensation agreement, the expert's qualifications, or an identity of the publications authored by the expert during the past 10 years, in light of the lack of any such publications, is harmless since the facts were otherwise supplied and the failure may be cured by simply having the witness sign a disclosure to these facts. As noted above, the failure to provide the listing of cases is not harmless. The court will allow the plaintiff to provide a supplemental disclosure which corrects the deficiencies identified herein within 40 days from the date of the filing of this order, otherwise, Dr. Shechter will not be permitted to testify at the trial of the action.

Defendant's Motion in Limine to Exclude Testimony at Trial of Plaintiff's Proffered Expert Witness, Nathan Shechter, M.D. (doc. 33) is granted in part as set forth in this opinion.

IT IS SO ORDERED.