**Rick DOBLAR, as Special Administrator for the estate of Jason Lee Doblar, Plaintiff,**

v.

**UNVERFERTH MANUFACTURING COMPANY, INC., Defendant.**

No. Civ. 96–4154.

United States District Court, D. South Dakota, Southern Division.

March 26, 1999.

---

Thomas R. Pardy, Mumford, Protsch & Pardy, Madison, SD, Stanley L. White, John C. Philo, Philo, Atkinson, White, Stevens, Wright & Whitaker, Detroit, MI, for plaintiff.

Michael J. Schaffer, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

[¶ 1] Pending before the Court is the motion of defendant Unverferth Manufacturing Company for sanctions against Vaughn P. Adams, Jr., Ph.D., an engineering expert who testified for the plaintiff at the jury trial in this case, and against one of the plaintiff's law firms, Philo, Atkinson, White, Stephens, Wright & Whitaker of Detroit, Michigan. The Court has carefully considered the defendant's motion, the briefs in support, and the affidavit of Michael J. Schaffer with exhibits, as well as the plaintiff's response to the motion for sanctions and the affidavits of John C. Philo, Vaughn P. Adams, and Mary Alice Commeau, Manager of Client Services at Dr. Adams' consulting firm, BTI Consultants, located in Tempe, Arizona.

[¶ 2] For the reasons stated below, the Court grants in part and denies in part the motion for sanctions. The Court imposes monetary sanctions against Dr. Vaughn Adams and withdraws from publication the Court's prior Memorandum Opinion and Order entered prior to trial in this case, *Doblar v. Unverferth Mfg. Co., Inc.*, 981 F.Supp. 1284 (D.S.D.1997), in which the Court held that the proffered expert testimony of Dr.

Adams was admissible at trial under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Court will not impose monetary sanctions against the law firm of Philo, Atkinson, White, Stephens, Wright & Whitaker, and the Court will not bar Dr. Adams from testifying as an expert witness in any other case in the District of South Dakota. However, in any future case in which Dr. Adams appears as an expert witness before this Court, his proposed testimony will be subject to the closest of scrutiny under Federal Rules of Evidence 702 and 703 and the principles announced in *Daubert* and *Kumho Tire Co. v. Carmichael,* —— U.S.——, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

[¶ 3] Under the Court's Rule 16 Scheduling Orders, the plaintiff was directed to identify experts and provide expert witness reports under Federal Rule of Civil Procedure 26(a)(2)(B) on or before February 3, 1997. Plaintiff's counsel identified Dr. Adams as an expert witness and disclosed his expert report on February 3, 1997. (Doc. 108, Affidavit of John C. Philo, ¶ 1–2.) This disclosure did not include "a listing of any other cases in which the witness [had] testified as an expert at trial or by deposition within the preceding four years." Fed.R.Civ.P. 26(a)(2)(B). In letters dated February 11 and February 24, 1997, defense counsel asked plaintiff's counsel to provide Dr. Adams' list of cases as required by Rule 26(a)(2)(B). Plaintiff's counsel obtained a list of cases from BTI Consultants and forwarded the list to defense counsel on March 7, 1997. By letter dated April 25, 1997, plaintiff's counsel supplemented the list with one other case in which Dr. Adams had testified at the request of the Philo Law Firm. (Doc. 113, Affidavit of Michael J. Schaffer ¶ 2–3 & Exs. 1 & 2; Doc. 108, Philo Aff. ¶ 3–10.) In fact, the supplementation provided by plaintiff's counsel did not include all other cases in which Dr. Adams had testified at the request of the Philo Law Firm. (Doc. 108, Philo Aff. ¶ 13.) At his deposition on April 30, 1997, Dr. Adams reviewed the list of cases supplied by his consulting company to plaintiff's counsel, and agreed that it was an accurate listing of all expert testimony he had given in the preceding four years. Dr. Adams did not indicate during his deposition that the list was incomplete, even though he stated during the deposition that he testifies as an expert witness, on average, more than once per week. (Doc. 113, Schaffer Aff. ¶ 3–4 & Ex. 2.)

[¶ 4] Prompted by a telephone call from an attorney in Milwaukee, Wisconsin, apparently as a result of the publication of this Court's September 1997 *Doblar* opinion, defense counsel conducted its own investigation to identify other cases, not listed on plaintiff's Rule 26(a)(2)(B) disclosure, in which Dr. Adams had provided expert testimony in any court. (Doc. 113, Schaffer Aff. ¶ 6–7 & Ex. 3.) It is ironic that the *Doblar* opinion was submitted for publication at the request of plaintiff's counsel. The plaintiff admits that the Rule 26(a)(2)(B) disclosure provided by BTI Consultants for Dr. Adams failed to disclose over two hundred cases in which Dr. Adams had testified by deposition or trial within the four-year period of March 6, 1993, through March 6, 1997. (Doc. 108 at 1–2 & Affidavit of Vaughn Adams ¶ 28 & Ex. A.) Defense counsel utilized the fruits of the investigation most effectively during the cross-examination of Dr. Adams at jury trial, and plaintiff very likely lost his case because of the failure of Dr. Adams and plaintiff's counsel to disclose accurately the many instances in which Dr. Adams had previously testified at deposition or at trial. After Dr. Adams testified at trial, the Court required plaintiff's counsel and Dr. Adams to justify their failure to provide an accurate list of cases in accordance with Rule 26(a)(2)(B). Defendant also filed the motion for sanctions now pending before the Court.

[¶ 5] Federal Rule of Civil Procedure 37(c)(1) provides for applicable sanctions to be imposed in the event a party does not make the required disclosures under Rule 26(a)(2)(B). *See Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 679–80 (D.Kan.1995). Rule 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or

on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

None of the possible sanctions mentioned in Rule 37(b)(2)(A), (B), or (C) apply here, where the failure of Dr. Adams and the plaintiff to make a proper disclosure under Rule 26(a)(2)(B) was not brought to the attention of the Court until the cross-examination of Dr. Adams at trial.[1] The defendant has made a motion for sanctions, and the parties and Dr. Adams have had an opportunity to be heard. "Rule 37 is written in mandatory terms and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3rd Cir.1995). Therefore, under Rule 37(c)(1), the Court has the authority to consider "other appropriate sanctions." The Court also possesses inherent power to impose sanctions in matters arising from discovery abuses. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir.1995); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993); *Schmidt v. Ford Motor Co.*, 112 F.R.D. 216, 218 (D.Colo.1986). The Court concludes that Rule 37's reference to "other appropriate sanctions" and the Court's inherent power to sanction extends to an expert witness, like Dr. Adams, who appears on behalf of a party in a civil case. *See Sylla–Sawdon*, 47 F.3d at 284 (recognizing that district courts must have discretion to control the utilization of expert testimony through application of the Federal Rules and the court's scheduling orders).

[¶ 6] Had the defense brought to the Court's attention before trial Dr. Adams' and the plaintiff's failure to comply with Rule 26(a)(2)(B) the Court could have considered, as one possible sanction, precluding Dr. Adams from testifying at trial. Because the Court is placed in the position of fashioning an appropriate sanction post-trial, the Court is not willing to grant the defense motion in its entirety, even though the Court determines that some sanction of Dr. Adams is warranted.

[¶ 7] In applying Rule 37(c)(1), the Court must first consider whether the plaintiff has established substantial justification for the failure to disclose an accurate accounting of cases in which Dr. Adams testified, and then the Court must consider whether the failure to disclose was harmless. *See Nguyen*, 162 F.R.D. at 679–80. "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* at 680. Moreover, "[f]ailure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.*

[¶ 8] Plaintiff's counsel and Dr. Adams readily admit that the disclosure breach at issue here is a most serious one. This is particularly so for an expert witness who appears to make most of his living giving opinions and then testifying in court cases. Both plaintiff's counsel and Dr. Adams explain that the failure to disclose was not the result of any willful intent to mislead the defense or this Court, but occurred because of sloppy recordkeeping in their respective offices. Plaintiff's counsel and Dr. Adams assure the Court that they have undertaken steps to improve their deficiencies so that an incident of this type does not arise again.

[¶ 9] The Court concludes that neither plaintiff's counsel nor Dr. Adams has shown substantial justification for the inaccurate and incomplete disclosure made in this case because faulty recordkeeping is not a suffi-

---

1. These possible sanctions include taking designated facts as established, precluding the disobedient party from supporting or opposing designated claims or defenses or from introducing matters into evidence, and striking pleadings, dismissing the action, or rendering a judgment by default against the disobedient party.

cient excuse for the failure to comply with a mandatory Federal Rule of Civil Procedure that has been in effect since 1993. Plaintiff's counsel and Dr. Adams are well aware of, and should be in compliance with, the requirements of Rule 26. A retained expert has an obligation to furnish the attorney who retained him with accurate and complete information about the previous cases in which he has testified. In this case, plaintiff's counsel made an attempt, albeit a minimal one, to find out if Dr. Adams had appeared in other cases for the Philo firm that were not included on his list. Because the Court finds that plaintiff's counsel relied upon Dr. Adams' representations that his disclosure was accurate and complete, the Court will not find a sanctionable Rule violation on the part of plaintiff's counsel, and to that extent, the defense motion is denied.

[¶ 10] If Dr. Adams were someone who seldom testified in a case, his failure to make an accurate disclosure might be more understandable to the Court. It is one thing for a treating physician who seldom testifies to fail to maintain records regarding prior expert testimony, *see Nguyen,* 162 F.R.D. at 678, but quite another for someone like Dr. Adams, who apparently makes most of his living by appearing as an expert witness in litigation testifying upon a wide range of subjects. He must be especially careful regarding his disclosures under Rule 26. It is no excuse for him to say here that, in many of the cases in which he previously testified, the attorneys mutually agreed to dispense with Rule 26(a)(2)(B) requirements, (Doc. 108, Adams Aff. at ¶ 10), nor is it any excuse for plaintiff's counsel to assert that the firm is unaccustomed to complying with Rule 26(a)(2)(B) because it is not in effect in the Eastern District of Michigan pursuant to Local Rule, where most of counsel's cases are litigated. (Doc. 108, Philo Aff. ¶ 17.) Rule 26(a)(2)(B) is in effect in the District of South Dakota, and both plaintiff's counsel and Dr. Adams had a responsibility to comply with the Rule in this litigation, particularly after defense counsel specifically requested the list when it was not disclosed with Dr. Adams' report.

[¶ 11] Dr. Adams is well qualified to testify in some types of cases, but his careless, cavalier attitude causes the Court to question how well and carefully that training is applied to each case. Dr. Adams is not barred from appearing again in this Court, but the Court in the future will scrutinize his proffered testimony fully under the Rules of Evidence, *Daubert* and *Kumho Tire Co.*

[¶ 12] The Court does not find that Dr. Adams' failure to disclose was harmless, even where the defendant benefited from its strategy to save the results of its investigation for Dr. Adams' cross-examination at trial, and the plaintiff, Rick Doblar, suffered the most from the devastating cross-examination of his expert. It may be some small comfort to Mr. Doblar that Dr. Adams has waived any fee for appearing in this matter, (Doc. 108, Adams Aff. at ¶ 31), and that the Philo Law Firm has waived any claim for litigation expenses. (Doc. 108, Philo Aff. at ¶ 18.) Dr. Adams' failure to make an accurate and complete disclosure damages the integrity of the court system, which the Federal Rules were designed to protect. By violating the Rule, Dr. Adams also violates the integrity of the process over which this Court presides. As a sanction for Dr. Adams' failure to disclose in compliance with Rule 26(a)(2)(B) in this case, the Court imposes against Dr. Adams personally sanctions in the total amount of $663.02. The Court reached this figure by awarding only those attorney's fees and expenses contained on defense counsel's bill (Doc. 113, Ex. 4) on the following dates: 1/13/98 $33.00; 1/14/98 $66.00; 1/19/98 $44.00; 1/23/98 $33.00; 1/13/98 $0.34; 1/14/98 $0.34; 1/23/98 $0.34; 2/3/98 $16.00; 2/3/98 $24.00; 2/4/98 $20.00; 2/4/98 $120.00; 2/5/98 $32.00; 2/6/98 $48.00; 2/6/98 $132.00; 2/9/98 $40.00; and 2/10/98 $24.00. While plaintiff argues that the defense would have incurred all of the costs listed on Exhibit 4 to the Schaffer Affidavit even if Dr. Adams had made a proper disclosure, the Court finds that the defense did incur some additional work and expense in investigating Dr. Adams' previous testimony because of the failure to disclose, and the Court imposes as a monetary sanction against Dr. Adams the amount the Court finds was attributable to such additional work and expense.

[¶ 13] Accordingly, for all of the reasons stated,

IT IS ORDERED:

(1) that the motion for sanctions against the law firm of Philo, Atkinson, White, Stephens, Wright & Whitaker is denied. (Doc. 105.)

(2) that the motion for sanctions against Dr. Vaughn P. Adams, Jr., is granted as stated in this Order. (Doc. 105.)

(3) that the Court imposes upon Dr. Adams, personally, sanctions in the amount of $663.02, to be paid to the defendant, Unverferth Manufacturing Company, and its counsel, Davenport, Evans, Hurwitz and Smith of Sioux Falls, South Dakota.

(4) that the Court withdraws from publication its prior Memorandum Opinion and Order in this case, *Doblar v. Unverferth Mfg. Co., Inc.*, 981 F.Supp. 1284 (D.S.D. 1997), in which the Court held that the proffered expert testimony of Dr. Adams was admissible at trial under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Court's prior published opinion, now withdrawn, should not be relied upon by any attorney or court as legal authority.