**Robert PALMER, Plaintiff,**

v.

**RHODES MACHINERY, a foreign corporation, Defendant.**

No. 98–CV–121B(J).

United States District Court, N.D. Oklahoma.

July 19, 1999.

---

Gerald Lynn Hilsher, Fred Everett Stoops, Sr., Stoops, Clancy & Hilsher, Tulsa, OK, for plaintiff.

Dan Steven Folluo, Bradley A. Jackson, Secrest Hill & Folluo, Tulsa, OK, for defendant.

### ORDER

JOYNER, United States Magistrate Judge.

Defendant filed a Motion for Relief from Reporting Requirement of Rule 26(a)(2)(B). [Doc. No. 19–1]. Plaintiff requested that Defendant produce a list of cases in which Defendant's expert witness, Dr. Sami Framjee has testified, as required by Fed.R.Civ.P. 26(c)(2)(B). Defendant maintains that Dr. Framjee does not maintain such a list, that such a list would be costly, difficult, or impossible to create, and that Dr. Framjee should be excused from complying with the federal rule. Plaintiff requests the Court order Dr. Framjee to comply with the federal rule.

A hearing on the motion was held July 13, 1999. Gerald L. Hilsher appeared on behalf of Plaintiff. Bradley A. Jackson appeared on behalf of the Defendant. The Court **OVER-RULES** Defendant's Motion for Relief from the Reporting Requirements. [Dc. No. 19–1].

**Fed.R.Civ.P. 26(a)(2)(B)**

■  Fed.R.Civ.P. 26(a)(2)(B), effective December 1, 1993, requires disclosure of expert reports. In accordance with the federal rule, the expert report must contain, "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed.R.Civ. Pro. 26(a)(2)(B). Fed.R.Civ.Pro. 37(C)(1) provides the sanctions which are to be imposed if a party does not comply with the disclosure requirements.

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appro-

priate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Fed.R.Civ.Pro. 37(c)(1). Defendant therefore has the burden of showing either that substantial justification excuses disclosure of the required list, or that the failure to disclose the list is harmless.

The federal rule is clear as is the case law interpreting the rule.[1] *Nguyen v. IBP, Inc.,* 162 F.R.D. 675 (D.Kan.1995), is factually similar to the case presently before the Court. In *Nguyen,* the defendant filed a motion to exclude any testimony at trial from the plaintiff's expert witness because the expert witness had not complied with Fed.R.Civ.P. 26(a)(2)(B). The expert did provide a partial list of prior deposition testimony. The list was for less than three years (the Rule requires four), and did not provide complete information (no identification of the "cases" was provided although some attorneys names were listed). In addition, the curriculum vita was not signed and did not include a list of publications. The *Nguyen* court, in analyzing whether or not Plaintiff had sufficiently complied with the Rule noted that the first consideration is whether "substantial justification" exists for the failure to disclose the information. Absent meeting the substantial justification requirement, disclosure is required unless failure to comply with the rule is considered "harmless." The *Nguyen* court held that the party requesting relief from the disclosure requirements had met neither of these requirements.

Defendant has filed a motion requesting that Defendant's expert, Dr. Framjee, be excused from this requirement. Defendant cites numerous reasons for this request. Initially, Defendant notes that a list of 169 cases, covering an approximate three year period in which Dr. Framjee testified at trial

---

1. At oral argument, Defendant's counsel acknowledged that the case law was not in his favor.

is posted at a site on the internet and is available to Plaintiff. Other than that list, Defendant maintains that Dr. Framjee does not have a list of cases in which he has been deposed or has testified in court.

■ Defendant acknowledges that the internet list of 169 cases does not comply with the federal rule. The time period for the compilation is a little more than three years, and the list includes only testimony in cases which went to trial and does not include the cases in which Dr. Framjee was deposed but did not testify. At oral argument, Defendant acknowledged that this did not constitute substantial compliance with the rule.

Defendant represented that he had a five minute telephone conversation with Dr. Framjee regarding his ability to produce the list required by the rule. Based on that conversation, Defendant's understanding is that Dr. Framjee does not distinguish between patients whom he treats and individuals he examines at the request of an attorney. Defendant suggests that compiling such a list would require pulling files, reviewing billing records, and attempting to ascertain which bills were sent to attorneys for an IME. Defendant additionally asserts that this list would not be completely accurate because Dr. Framjee charges his $600 rate even if the deposition is canceled, if cancellation occurs less than 48 hours prior to the scheduled deposition. Defendant notes that compiling this information would require Dr. Framjee to hire someone and could take two months or longer to accomplish. Defendant observes that the current trial date is in October and suggests that such an undertaking this close to trial would interfere with the scheduled trial.

Defendant has supplied no direct information from Dr. Framjee, no affidavits, and no additional information to support the estimations. One possible alternative method for gathering the required list could be for Dr. Framjee to contact the estimated six law firms in town for whom he does the majority of his work to inquire if they can compile the required information.

■ The Court finds that the cost or difficulty of compiling the list is insufficient for the purpose of meeting the "substantial justification" requirement. The Rule has been in existence since 1993. Dr. Framjee is deposed, according to Defendant, an average of three to five times each week. If Defendant's expert plans to continue to offer his services in federal court, he must comply with the federal rules. The initial cost and trouble of compiling the list, since Defendant's expert apparently does not maintain one, may be expensive. The expense is a one-time cost, and the list can then be used in subsequent litigation. Maintenance of the list should be comparatively easy. Furthermore, counsel for Plaintiff and Defendant suggested that Dr. Framjee's yearly income from depositions was approximately $90,000.[2] Defendant provides no estimates of the actual cost of compiling the list. Given Dr. Framjee's income from expert testimony, requiring the expenditure of funds to compile a list which is mandated by the federal rules is not a draconian measure. *See also Nguyen,* 162 F.R.D. at 681 ("An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute 'substantial justification' for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case. The requirements of Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case.").

■ Defendant suggests that Dr. Framjee be given "one warning." Defendant is uncertain whether Dr. Framjee has ever testified in federal court,[3] but assumes, based on the size of his practice, that he has. Defendant

---

2. Defendant estimates that Dr. Framjee is deposed an average of three to five times per week. At Dr. Framjee's billing rate of $600 per deposition, Defendant's estimation suggests a yearly income of between $93,600 and $156,000 for expert testimony.

3. The majority of Dr. Framjee's expert testimony is apparently related to state court cases. Oklahoma state law does not require the disclosure of prior deposition and court testimony which is required by federal law.

states that Dr. Framjee has never been requested to comply with the federal rule, and that he did not know about the federal rule. Defendant notes that, for the purposes of future testimony in federal court, because Dr. Framjee now knows of the federal rule which requires such disclosures, he be required to comply with it. Defendant requests that the Court make an exception in this case due to Dr. Framjee's lack of knowledge, the difficulty of compiling the list, and the impending trial date.

A "one warning" exception to the rule is not contemplated by the rule. Such an exception in this case would be to the disadvantage of this Plaintiff. The federal rule has been in existence since 1993. Assuming Dr. Framjee did not know of the requirements of the rule, certainly defense counsel knew of the rule prior to employing Dr. Framjee. A simple inquiry by defense counsel prior to his retention would have averted this situation.[4]

▮ Defendant's counsel asserts that failure to provide the list is harmless, while arguing, at the same time, that Plaintiff's real motivation to obtain the list is to share it with other Plaintiffs' lawyers who have wanted this illusive list for years. The Court questions how the failure to provide such coveted information can be harmless. From the list of cases Plaintiff can determine the number of independent medical examinations performed by Dr. Framjee, the percentage of Dr. Framjee's work which is for plaintiffs or defendants, and what Dr. Framjee's yearly income is from such examinations. Plaintiff's counsel wishes to contact attorneys in other cases in which Dr. Framjee's deposition was taken. The Court concludes that the failure to disclose the information is not "harmless" as contemplated by the rules.

Defendant acknowledges that the case law does not support Defendant's position. *Nguyen* and several cases citing *Nguyen* clearly support Plaintiff's position. The risk of noncompliance with the rule is borne by Defendant. The burden of establishing either substantial justification or that the failure to provide the information is harmless is on Defendant. Defendant has not met this burden.

A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

*Nguyen,* 162 F.R.D. at 681. Defendant's Motion for Relief is **DENIED.** [Doc. No. 19–1].

---

4. Defense counsel, at oral argument, stated that he was completely unaware that Dr. Framjee did not maintain such a list.