**Donna L. UMBENHOWER, Plaintiff,**

**v.**

**COPART, INC., et al., Defendants.**

**No. CIV.A. 03–2476–JWL–DJW.**

United States District Court,
D. Kansas.

July 16, 2004.

---

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for Plaintiff.

Alan L. Rupe, S. Jane Bruer, Stacia G. Boden, Kutak Rock, LLP, Wichita, KS, for Defendant.

## *MEMORANDUM AND ORDER*

WAXSE, United States Magistrate Judge.

Pending before the Court is Plaintiffs' Motion in Limine and for Sanctions (doc. 29). Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 37(c)(1), an order prohibiting Defendants from arguing or presenting evidence or testimony regarding (1) a written arbitration agreement between Plaintiff and Defendants, and (2) any oral, implied, or other form of agreement by Plaintiff to submit to arbitration any employment-related claims against Defendants. Plaintiff argues that she is entitled to such relief because Defendants failed to disclose in their initial Rule 26(a)(1) disclosures a purported written arbitration agreement between Plaintiff and Defendants and then later moved to compel arbitration based on such an agreement.

Plaintiff claims she has no recollection of signing any arbitration agreement. She asserts that it was not until Defendants filed their Motion to Compel Arbitration that she was put on notice of the purported arbitration agreement.

For the reasons set forth below, the Court will deny Plaintiff's motion.

### I. Factual Background

Defendants served their Rule 26(a)(1) disclosures on April 2, 2004. Defendants did not disclose any arbitration agreement nor did they disclose any individual likely to have

discoverable information about an arbitration agreement.

On April 20, 2004, Defendants filed a Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration (doc. 21) ("Motion to Compel Arbitration"). They asserted in the Motion to Compel Arbitration that Plaintiff · had entered into a written agreement to arbitrate all aspects of her employment relationship with Defendants. They indicated that a copy of the signed arbitration agreement was attached to the Motion as Exhibit A.[1] They also indicated that they were attaching as exhibits Defendants' Employee Handbook and various non-published opinions.[2] No exhibits, however, were actually attached to the Motion.

Plaintiff filed the instant Motion in Limine and for Sanctions on May 4, 2004. On that same date she also filed a brief in opposition to Defendants' Motion to Compel Arbitration (doc. 28).

On May 10, 2004, Defendants filed an addendum (doc. 32) to the Motion to Compel Arbitration to which they attached the arbitration agreement and the other missing exhibits. Defendants state in the Addendum that they failed to attach the exhibits to their Motion "due to a technicality."[3] On May 13, 2004, Defendants served supplemental Rule 26(a)(1) disclosures (doc. 33). Those supplemental disclosures listed the arbitration agreement and identified an individual with knowledge of the contents of Plaintiff's personnel file, including the arbitration agreement.

On May 17, 2004, Defendants filed their opposition (doc. 35) to the instant Motion in Limine and for Sanctions. In their opposition, Defendants argue that their failure to disclose the arbitration agreement and failure to attach the exhibits to the Motion to Compel Arbitration were inadvertent and "minor procedural mistakes."[4] They further assert that once they were made aware of the mistakes, they immediately corrected them.

In addition, Defendants argue that Plaintiff has not been prejudiced by their failure to initially disclose the agreement or their failure to attach the exhibits to the Motion to Compel Arbitration. They also assert that Plaintiff has long been aware of the fact that they intended to rely on the defense that Plaintiff's claims are subject to arbitration. Defendants point out that they asserted the arbitration agreement as an affirmative defense in their Answer (doc. 10), which was filed on January 7, 2004. In a section of the Answer entitled "Affirmative and Additional Defenses," Defendants state that "Plaintiff's claims are barred in whole or in party by the arbitration clause received and agreed to by Plaintiff requiring Plaintiff to arbitrate her claims."[5] Defendants also point out that the jointly prepared Report of Parties Planning Conference submitted to the Court on March 15, 2004, contained Defendants' contention that "the entirety of the dispute is subject to mandatory arbitration."[6]

## II. Applicable Law

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), a party must disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."[7] Further, Rule 26(e)(1) requires a party to supplement or amend its disclosures and discovery responses if it learns the information disclosed or the response is somehow incomplete or incorrect.[8] To ensure compli-

---

1. Defs.' Mot. to Compel Arbitration (doc. 21) at p. 2, 4 n. 2.

2. *Id.*

3. Addendum to Mot. to Compel Arbitration (doc. 32) at p. 1.

4. Sugg. in Opp'n to Pls.' Mot. in Limine and for Sanctions (doc. 35) at p. 1.

5. Answer (doc. 10), ¶ 99.

6. *See* Report of Parties' Planning Conference at p. 4 (attached as Ex. 1 to doc. 35).

7. Fed.R.Civ.P. 26(a)(1)(B).

8. Fed.R.Civ.P. 26(e)(1).

ance with these disclosure requirements, Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." [9]

The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court.[10] A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.[11] Nevertheless, the Tenth Circuit has held that the following factors should guide the district court's discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." [12]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists." [13] If the party who failed to make the required disclosure fails to demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[14] The failure to disclose is considered harmless when there is "no prejudice to the party entitled to the disclosure." [15] The burden to establish harmlessness is on the party or parties who failed to make the required disclosure,[16] which, in this case, is Defendants.

## III. Analysis

Applying these standards to the case at bar, the Court finds Defendants have shown that their failure to initially disclose the arbitration agreement and the individual with knowledge of the agreement was not only substantially justified but also harmless. Nothing in the record indicates that Defendant's failure to disclose was willful, knowing, or in bad faith. The Court has no basis to believe that anything other than inadvertence led Defendants' counsel to fail to disclose the arbitration agreement in their April 2, 2004 disclosures. Clearly, there is no evidence that Defendants were trying to conceal the existence of the agreement from Plaintiff. Several months earlier, Defendants had addressed the arbitration agreement in their answer, pleading the affirmative defense that Plaintiff's claims are barred "by the arbitration clause received and agreed to by Plaintiff." [17] Furthermore, Defendants, had clearly expressed their contention in the parties' March 25, 2004 Report of Parties Planning Conference by stating that the action "is subject to mandatory arbitration." [18] If Defendants were attempting to conceal the arbitration agreement from Plaintiff, it defies logic that they would raise it in both their answer and the Report of Parties' Planning Conference.

By the same token, the fact that Defendants provided this information in their Answer and in the joint Report of Parties' Planning Conference belies Plaintiff's claim that she was surprised by the existence of the agreement. Regardless of whether Plaintiff recalls signing such an agreement, she was on notice as early as January 2004

9. Fed.R.Civ.P. 37(c)(1).

10. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)).

11. *Id.* (quoting *Woodworker's Supply*, 170 F.3d at 993).

12. *Id.* (quoting *Woodworker's Supply*, 170 F.3d at 993).

13. *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D.Kan.2001) (quoting *Mounger*

*v. Goodyear Tire & Rubber Co.*, No. 99–2230–JWL, 2000 WL 1466198, at *2 (D.Kan. Sept.22, 2000)).

14. *Id.*

15. *Id.* (emphasis added); *accord Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995).

16. *Burton*, 203 F.R.D. at 639.

17. Defs.' Answer (doc. 10), ¶ 99.

18. *See* Report of Parties' Planning Conference at p. 4 (attached as Ex. 1 to doc. 35).

that Defendants contended Plaintiff had signed an arbitration agreement.

Moreover, the Court does not see how Plaintiff has been prejudiced by Defendants' failure to identify the agreement and person with knowledge of the agreement in their April 2, 2004 disclosures. The Court does not find Plaintiff's arguments that she has been prejudiced persuasive, particularly in light of the fact that Defendants promptly cured their failure to disclose. A few days after Plaintiff filed the instant motion and first made Defendants aware of their failure to disclose, Defendants provided Plaintiff with a copy of the agreement by filing an addendum to the Motion to Compel Arbitration.[19] A few days thereafter, Defendants served their supplemental Rule 26(a)(1) disclosures, identifying the agreement and an individual who has knowledge of the agreement.[20]

Further, if Plaintiff truly believed she was being prejudiced or harmed by Defendants' failure to disclose the arbitration agreement, Plaintiff could have alleviated such prejudice by simply contacting defense counsel and immediately requesting a copy of the arbitration agreement. Instead of taking this logical step, Plaintiff waited for *two weeks* after she received the Motion to Compel Arbitration to file the instant motion for sanctions to bring the nondisclosure to Defendants' attention.

█ Finally, the Court reads nothing devious into Defendants' failure to attach the arbitration agreement to their Motion to Compel Arbitration. When Plaintiff notified Defendants of their failure to attach the arbitration agreement, they promptly filed their addendum attaching all of the exhibits. This Court rarely imposes sanctions based on a party's mere failure to attach exhibits to a motion or brief, an occurrence which is not that uncommon. Indeed, the Court notes that Plaintiff's own counsel failed to attach the exhibits to the instant Motion in Limine and for Sanctions. Just like Defendants' counsel, Plaintiff's counsel filed an addendum

to the Motion in Limine and for Sanctions a few days after he filed the Motion, to which he attached the exhibits that were previously not attached to the Motion "due to oversight".[21]

In sum, the Court finds that Defendants' failure to disclose both the arbitration agreement and the individual with knowledge of the agreement was inadvertent and therefore substantially justified. Furthermore, the Court finds that the nondisclosure was harmless within the meaning of Rule 37(c)(1). Accordingly, the Court finds no basis to impose sanctions against Defendants or to enter any order prohibiting them from presenting evidence regarding the agreement to arbitrate. The Court will therefore deny Plaintiff's Motion in Limine and for Sanctions.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine and for Sanctions (doc. 29) is denied.

IT IS SO ORDERED.

---

19. *See* Addendum (doc. 32).

20. *See* Notice of Service of Defs.' Supp. Disclosures (doc. 33).

21. *See* Supplement to Mot. in Limine and for Sanctions (doc. 30) at p. 1.